IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

HENRY JONES

    Plaintiff,

vs.

NURSE AMANDA LAMB, WEXFORD HEALTH SOURCES, INC. AND WARDEN MARK WILLIAMS,

    Defendants.

Case No. 21-cv-4120

## **Defendants' Answer and Affirmative Defenses**

Now comes Defendant, AMANDA LAMB, by her attorneys, Quinn Johnston, and for her Answer to Plaintiff's Complaint and Affirmative Defense, states as follows:

### **I. Jurisdiction and Venue**

Defendant admits that the Court has jurisdiction of the Complaint made by Plaintiff and that venue is proper.

### **II. Defendants**

Defendant AMANDA LAMB admits that she is an LPN licensed in the State of Illinois and that she was employed by Wexford providing medical care to inmates at Henry Hill Correctional Center while Plaintiff was incarcerated there.

Defendant admits that Wexford Health Sources, Inc. had a contract with the State of Illinois to provide certain health services.

### **III. Claim**

Defendant admits that Plaintiff was incarcerated at the Henry Hill Correctional Center and that Defendant was involved in Plaintiff's care during the relevant time

period. Defendant denies that Plaintiff has been denied care and denies that the care provided failed to meet the standard of care for their profession or Constitutional standards. Defendant denies that she violated Plaintiff's constitutional rights in any way.

Defendant denies Plaintiff had a serious medical and/or mental health need.

### IV. Injuries

Defendant denies that Plaintiff suffered any injury as a result of their actions and deny that they were the proximate cause of any claimed injury.

### V. Exhaustion of Administrative Remedies

Defendant denies that Plaintiff exhausted his administrative remedies.

WHEREFORE, the Defendant, AMANDA LAMB, prays that this Court enter judgment in bar of Plaintiff's Complaint, that Defendant has her attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

## Affirmative Defenses

### I. Qualified Immunity or Good Faith Immunity

At the time and place alleged, the law was not clearly established such that the Individual Defendant was on notice that her conduct was unlawful. The Individual Defendant is therefore entitled to qualified immunity. The Individual Defendant acknowledges that the Seventh Circuit held in *Petties v. Carter*, 836 F.3d 722, 734 (7th Cir. 2016) that medical contractors are not entitled to assert qualified immunity, but include the defense as the Supreme Court has not definitively ruled on that issue. In the

alternative, the Individual Defendant asserts that she is entitled to good faith immunity as suggested by the Supreme Court in *Richardson v. McKnight*, 521 U.S. 399, 401, 413-14 (1997).

## II. PLRA - Exhaustion of Administrative Remedies

The Prison Litigation Reform Act requires that Plaintiffs who are in custody exhaust all administrative remedies and appeals before filing suit. On information and belief, Plaintiff has not filed grievances and exhausted all appeals regarding the claims asserted. To the extent that Plaintiff failed to exhaust his administrative remedies, the Defendant is entitled to judgment as a matter of law. 42 U.S.C. § 1997e(a).

## III. PLRA – Lack of Compensable Injury

The Prison Litigation Reform Act provides that a "prisoner confined in a jail, prison, or other correctional facility" may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2006). To the extent that Plaintiff did not suffer a physical injury, his claims are barred by the Act.

## IV. Statute of Limitations

The applicable statute of limitations for Section 1983 claims is two years. To the extent that Plaintiff's claims arise from incidents or injuries which occurred more than two years prior to the filing of the Complaint, such claims are barred by the statute of limitations.

WHEREFORE, the Defendant, AMANDA LAMB, prays that this Court enter judgment in bar of Plaintiff's Complaint, that Defendants have their attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

                                    AMANDA LAMB, Defendant

                        By: *s/ Matthew A. Warner*
                              QUINN JOHNSTON

Peter R. Jennetten (Illinois Bar No. 6237377)
Matt Warner (Illinois Bar No. 6321689)
Email for pleadings:  jennettenpleadings@quinnjohnston.com
Email for correspondence:  pjennetten@quinnjohnston.com; mwarner@quinnjohnston.com
QUINN JOHNSTON
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 8, 2021, I electronically filed the foregoing Defendants' Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system.

    And I hereby certify that on December 8, 2021, I mailed a copy of this document by United States Postal Service to the following non-registered CM/ECF system participant:

**Legal Mail**
Henry Jones – M14317
Henry Hill Correctional Center
Inmate Mail/Parcels
PO Box 1700
Galesburg, IL 61402

          *s/ Matthew A. Warner*
Peter R. Jennetten (Illinois Bar No. 6237377)
Matt Warner (Illinois Bar No. 6321689)
Email: pjennetten@quinnjohnston.com;
mwarner@quinnjohnston.com
QUINN JOHNSTON
227 N.E. Jefferson Ave.
Peoria, IL 61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)

4874-7100-9285, v. 2

5